■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SCIANNO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 10, 1963 on his plea of guilty, convicting

him of carrying a dangerous weapon, as a felony, and imposing sentence upon him as a second felony offender. On this appeal the defendant brings up for review, as authorized by statute (Code Crim. Pro., § 813-c; § 517, subd. 3), an intermediate order of said court made February 27, 1963 after a hearing and the taking of proof, which denied his motion to suppress certain evidence on the ground that it had been seized illegally. The validity of such seizure is the principal issue raised. Judgment affirmed. In our opinion, a peace officer is authorized to stop a motor vehicle and demand of its driver, or of any passenger who claims to be its owner, the certificate of registration and the other information set forth in subdivision 4 of section 401 of the Vehicle and Traffic Law (see *People* v. *Battle*, 12 N Y 2d 866). When, in the course of complying with the officer's demand, the nondriving owner voluntarily exposes to the view of the officer an unlawfully possessed weapon, such exposure is not the result of a search by the officer. If, as here, the officer intended to arrest the driver of the vehicle provided he was the person wanted for a certain homicide, and if the officer used his authority under the statute (Vehicle and Traffic Law, § 401, subd. 4) to stop the vehicle and demand the driver's license and the vehicle's certificate of registration — all for the purpose of ascertaining the identity of the driver and the lawfulness of his possession of the vehicle — we hold that it was unnecessary for the officer to have had reasonable cause under section 177 of the Code of Criminal Procedure to arrest the driver or his passenger before he ordered the driver of the vehicle to stop. Since, here, the defendant's motion to suppress was decided prior to our decision in *People* v. *Lombardi* (18 A D 2d 177, affd. 13 N Y 2d 1014), it is unnecessary to remit the motion for findings or an opinion (*People* v. *Gary*, 20 A D 2d 550; *People* v. *Lopez*, 19 A D 2d 809). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.