Jerome B. E. Wolff, J.
The facts of the case are as follows; Investigator Eno observed the two defendants and a girl driving in a vehicle and he proceeded to follow them. His testimony revealed that he knew the driver of the car as defendant Slack and he knew the identity of the girl, but did not know the identity of the passenger. He testified that the ownership of the vehicle was in another person. As he proceeded to follow the vehicle, he noted that the passenger bent forward as if to place something under the front seat of the car. As he followed, they kept slowing down and driving the car on the shoulder of the road in order to have him pass, which he did not do. In the interim, he radioed ahead to a State police officer on patrol to *936 stop the vehicle in the Village of Interlaken which was only a few miles from where he was at present. The defendants, upon entering the Village of Interlaken, were stopped by a uniformed State police officer, and Investigator Eno parked his vehicle behind theirs. The State police officer ásked the defendant Slack, who was driving the car, for his registration and driver’s license and Investigator Eno went to the passenger’s side and asked the passenger, defendant Loveland, to step out of the ear in order to give him some identification as to who he wás, and the defendant Loveland complied with his request. As the uniformed police officer walked about the defendaiit’s car, he noticed a part of a pipe lying at the defendant Loveland’s feet. The pipe was a part of a corncob pipe with the bowl wrapped in aluminum foil. He reached down, picked up the pipe and handed it to Investigator Eno, who examined and smelled it, and determined, that it was used for smoking marijuana." Investigator Eno then notified the defendants Loveland and Slack and the girl, Patricia Meyers, that they were under arrest for criminally possessing an instrument adapted for the use of narcotics. Incidentally, the State police officer testified that, prior to the stopping of the vehicle, he had observed the area and no pipe or other object was on the ground at the location where the defendant’s vehicle was halted. The car was then searched and under the front seat, a package containing 10 ounces of marijuana was found. The defendants were advised of their rights,- and the defendants Loveland and Slack, after a brief conference between themselves, stated that they were the owners of the marijuana and that Patricia Meyers had no knowledge of the marijuana being in the vehicle.
At the hearing, it has been established that the pipe found at the defendant’s feet was in the vehicle before it was stopped.
The crux of the case is whether or not Investigator Eno had the right to order the defendant Loveland from the car for his identification. It has been conceded by the District Attorney and defense counsel that the request for Loveland to alight from the car was a command of the officer. The question to be decided and the issiie of the arrest, the search and the admissions made by the defendants hinge -upon the officer’s right to make this request at the time and the circumstances involved.
This case, like so many others, offers the same question: if the defendant did not perform some act at the request of the police officer, then no incriminating evidence or probable cause factor would be involved.
*937 This case resembles, in part, the same facts as presented in People v. Battle (12 N Y 2d 866), wherein, while a driver was showing an officer his registration and license, a package containing policy slips fell from his trousers to the ground, and he was arrested on probable cause and convicted.
The situation in the instant case involves a passenger and not a driver. Investigator Eno testified that he knew the other occupants of the car, but not the passenger. There have been some cases which have intimated that, pursuant to subdivision 4 of section 401 of the Vehicle and Traffic Law, an officer is authorized to stop an automobile and request information from the driver and the occupants. In People v. Koposesky (25 A D 2d 777, 778), it was stated, “ The arresting officer was authorized to stop the automobile and demand of its occupants the certificate of registration and other information ”. This case, in turn, cited People v. Hoffman (24 A D 2d 497), People v. Scianno (20 AD 2d 919) and People v. Battle (12 N Y 2d 866, supra).
To request a passenger or any other occupant of a vehicle, aside from the driver, for identification, is not unlike any temporary detention or request by a police officer, providing that it is reasonable. The courts still adhere to the probable cause doctrine for a complete investigation, but have also progressed to a point where now, especially as to automobiles, they will consider the surrounding circumstances when a police officer makes an inquiry, as in the far-reaching aspects of Adams v. Williams (407 U. S. 143), together with its predecessor case Terry v. Ohio (392 U. S. 1).
The courts, in the various “ stop and frisk ” cases have also examined the present circumstances and the question of slight intrusion of an individual’s privacy or that a short detention of the person would not be violative of his constitutional rights. In People v. Morales (22 N Y 2d 55), although the case was limited to the facts presented therein (an unsolved murder case) the court allowed the detention of a suspect at the police station after he had been requested to come in for questioning and did so in the accompaniment of the officers, and while under questioning, confessed to the murder. The questioning of á "person on the street, or requesting, as in this, case, a person to leave an automobile to present his identification, is within the confines of proper police routine methods, providing that it is reasonably done. A person’s constitutional rights cannot be subverted to a point where law enforcement agencies would run. roughshod of individual’s privacy. The word “ reasonable ” is mandated in our own criminal jurisprudence as neces *938 sitating proof beyond a reasonable doubt and the “ reasonable ” circumstances surrounding inquiries should be based on the circumstances presented to the court and not in varied obtuse semantics. It is noteworthy that in most cases, especially narcotics cases, minute questions are considered that have no bearing as to what is reasonable under the circumstances.
I find that the request of Investigator Eno for the defendant to alight from the car in order to identify himself was reasonable and that thereafter, the circumstances of the pipe presented probable cause for the search, and that any admissions made after the defendants were given their constitutional warnings were also admissible as well as the evidence that was seized.
The question as to whether the pipe was an instrument proscribed under the provisions of section 3395 (subd. 3) of the Public Health Law becomes academic when answered in the light of the testimony which sets forth its condition, its alteration, and that it was also examined by smell by an experienced officer.
Based on the law and the facts, the motion for suppression of the articles seized and of the admissions that have been made is in all respects denied.